UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                          Criminal No. 08-cr-010-01-JD

Alan G. Garceau

**O R D E R**

On April 29, 2011, defendant appeared for a "probable cause" hearing under Fed. R. Crim. P. 32.1 on new and additional violations of conditions of supervision. Defendant stipulated to probable cause on the second superseding petition.[1] I therefore find probable cause that defendant has violated the conditions as charged in the second superseding petition.

Defendant sought bail conditions under Rule 32.1(a)(6). The government sought detention. Under Rule 32.1(a)(6), defendant bears the burden of establishing by clear and convincing evidence that he will not flee and that he poses no danger to any other person or to the community. Based on the details contained in Officer Karin T. Kinnan's affidavit dated April 26,

---

[1] The court was concerned about defendant's ability to understand the proceedings, as defendant expressed confusion when the court queried him about his waiver of his right to a preliminary hearing. Defense counsel agreed that defendant has "some issues" but asserted that he considered the defendant competent for purposes of the proceeding. In view of counsel's vast experience as a criminal defense lawyer and his history and familiarity with this particular defendant, the court defers to his judgment on this question.

2011, and the proffers of counsel presented at today's hearing, the court finds that defendant has failed to meet his burden of persuading the court that he poses no danger to any other person or to the community.

Defendant has a persistent history of failing to abide by orders of the court, and his probation officer, with respect to abstaining from the consumption of alcohol.  At a bail hearing on March 1, 2011, defendant argued that his alcohol consumption was due to his confusion about whether the court had actually ordered a "no alcohol consumption" condition as part of his probation.  Although the government thought detention the better course, it agreed to defendant's release, only if defendant was released on a "strict leash" and with a "zero tolerance" approach to any future violation.  The court explained to defendant that the decision to release him was a "very close call."  Ultimately, at that hearing, the court released defendant on strict conditions, and with his clear understanding that he could not consume "any" alcohol, and must abide by all other conditions of his release.

At today's hearing, defendant's counsel described defendant as having an "unshakeable belief" that he can consume alcohol. The court's decision today to detain defendant is not a close call.  The court finds that defendant did not meet his burden to

show by clear and convincing evidence that his release, even on strict conditions, would pose no danger to any other person or the community.  Accordingly, it is **ORDERED** that the defendant be detained pending a final revocation hearing.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  April 29, 2011

cc:  Bjorn Lange, Esq.
     Clyde R.W. Garrigan, Esq.
     U.S. Marshal
     U.S. Probation